c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JACQUILINE WOODARD, Plaintiff | CIVIL ACTION NO. 1:22-CV-04255 |
| VERSUS | JUDGE DRELL |
| STATE FARM FIRE & CASUALTY CO., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

This suit was filed on behalf of Plaintiff Jacquiline Woodard ("Woodard") by the firm of McClenny, Moseley, & Associates, P.L.L.C. ("MMA"). ECF No. 1. Defendants State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Mutual Automobile Insurance Company (collectively, "Defendants") filed a Motion to Dismiss Without Prejudice (ECF No. 9) based on MMA's lack of authority to file this lawsuit.[1]

Defendants' Motion to Dismiss (ECF No. 9) should be denied as moot.

I. Background

Woodard became a *pro se* litigant by operation of an Order of this Court styled "Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a

---

[1] The motion was captioned under an entirely different plaintiff's suit in the numerous Hurricane Laura suits filed by MMA. Defendants filed the motion, seeking dismissal of that case, *Linda Granger v. State Farm Fire and Casualty Company, et al.*, No. 2:22-cv-04471 (W.D. La. 3/2/23), "as well as all similarly situated cases listed in an attached exhibit," which includes this Woodard suit. ECF No. 9-2. Thus, it appears this motion was docketed across the numerous listed cases.

1

*Pro Se* Litigant, and Other Matters" (the "Termination Order").  ECF No. 16.

The Termination Order set a Status Conference and hearing on the Motion to Dismiss for June 28, 2023.[2]  *Id.*  Woodard contacted the Court advising of family issues that would interfere with her ability to attend the hearing.  ECF No. 17.  Thus, Woodard was given an extension to respond to the Motion to Dismiss.  *Id.*

Woodard filed a response indicating she had a death in the family, requesting an extension to retain another lawyer, and indicating her intention to pursue her case.  ECF No. 18.  Defendants replied, acknowledging that Woodard intends to pursue her claim, which they state she has a right to do.  ECF No. 19.  Defendants further indicated that the intention behind their Motion to Dismiss was to confirm Woodard intended to file a lawsuit in light of her communication to State Farm that she was unaware of any pending hurricane claim and did not talk to any lawyers.  *Id.*

Based on learning Woodard's intent, Defendants requested the Court enter a Case Management Order, thus seemingly acknowledging the motion is now moot.  *Id.*

However, considering Woodard's response – and noting that no counsel had enrolled yet on her behalf – the Court granted another extension for her to file response to the Motion to Dismiss, or else it would be deemed unopposed. ECF No. 20.

Thereafter, Woodard retained counsel.  ECF Nos. 22, 23.

---

[2] The Order further advised Plaintiff that "failure to appear for the conference without having retained new counsel or without having sought to dismiss this suit by use of the attachment or otherwise," . . . "may result in adverse consequences such as a recommendation by the undersigned to the district court that the case be dismissed for failure of plaintiff to prosecute or abide by court orders."  ECF No. 16 at 5.

## II. Law and Analysis

### A. Defendants' motion (ECF No. 9) is now moot.

Defendants seek dismissal on the grounds that MMA lacked any authority to file suit on behalf of Woodard. ECF No. 9-1 at 5. Defendants submit the affidavit of Lisa Michele Deen on behalf of State Farm, citing an attached list of Hurricane Laura cases where the insured provided written or oral information that MMA was not retained by, or on behalf of, the respective Plaintiffs – here, Woodard. *Id.; see also* ECF No. 9-2. There is no other basis upon which Defendants seek dismissal.

Rule 41 provides generally that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see Dominguez v. Crosby Tugs, L.L.C.*, 16-31239, 2017 WL 3271117, at *2 (5th Cir. Aug. 1, 2017) (per curiam).

However, Woodard has since retained counsel and indicated her intent to pursue her claims. ECF Nos. 22, 23. And Defendants now seek a Case Management Order. ECF No. 19.

## III. Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that Defendants' Motion to Dismiss (Doc. 9) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written

objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 4th day of January 2024.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE